IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| AMY A. EDDINE,<br><br>      **Plaintiff,**<br><br>v.<br><br>DULLES EXPO, LLC,<br>GRAND DUKE HOTELS, LLC, and<br>THE PENCE GROUP, INC., f/k/a PENCE-<br>FRIEDEL DEVELOPERS, INC.<br><br>      **Defendants.** | Civil Action No.  1:10-cv-840 (TSE/TCB) |

**DEFENDANT DULLES EXPO, LLC'S REPLY
IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

The overwhelming majority of Plaintiff's discovery requests seek discovery on claims which are subject to Dulles Expo's renewed motion to dismiss.  Defendant's motion to dismiss is scheduled for argument November 12, 2010, just two weeks away.[1]  If Defendant's motion is successful it will dispose of the majority of the claims in the First Amended Complaint, including Plaintiff's sexual harassment claim.  The entry of a protective order as to discovery related to these claims would not require an extension of the discovery deadlines in this case.  Though Plaintiff concludes that she would be prejudiced, she has not indicated how she would be prejudiced by an approximately two-week delay in discovery directed at the claims at issue.  There are presently no depositions scheduled.  As Plaintiff correctly notes, Defendant's responses to Plaintiff's second round of discovery requests are not even due until after the Court

---

[1] Defendant indicated in its motion that it intended to have the motion to dismiss argued on November 5; however, the briefing schedule required by the Local Rules necessitated a hearing date of November 12.

decides the motion, assuming it does so on November 12.[2]

The lion's share of Plaintiff's first round of discovery requests seek documents on Plaintiff's Title VII hostile work environment claim, which is subject to the pending motion to dismiss. Plaintiff does not seem to dispute this. Indeed, Plaintiff has affirmatively stated that the majority of her first round of discovery was directed toward the sexual harassment claim in an October 22nd letter, in which her counsel indicated that RFP 4, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16 – 19 in part, and 23-24 arose out of Plaintiff's sexual harassment claim.[3] In a case where Plaintiff waited over two months to add the two new defendants, a brief stay of discovery on some of her claims will not make a substantial difference to Plaintiff's case, particularly when written responses to the second round of discovery are not even due until November 15.

Plaintiff raises the issue of extending discovery deadlines. On October 23, the day after Defendant filed the operative motion to dismiss and the instant motion for protective order, Plaintiff sought Defendant's consent to extend the discovery deadline in this case for the second time.[4] Contrary to her suggestion in her opposition motion, *Opposition* at 2, Plaintiff's second

---

[2] With respect to this discovery, Defendant seeks a stay of its objection deadline which is November 1.

[3] This letter was received while Defendant was finalizing its motion to dismiss and its motion for a protective order, but not reviewed until after the filing of the motion for a protective order, which was intended to cover all sexual harassment and sex discrimination discovery. Accordingly, Defendant supplements the list of document requests on which it seeks the protective order to include RFP 4, 5, 16, 17, 19, and 25, in addition to those listed.

[4] On October 3, nearly two months after filing her initial complaint, Plaintiff filed a substantially different First Amended Complaint which, among other things, added new parties. The very next day Plaintiff sought to extend discovery based upon her amendments to the complaint. Defendant did not consent to an extension of the discovery deadline, but did consent to an extension of expert deadlines. At the hearing on Defendant's first motion to dismiss, the Court

request to extend discovery deadlines did not relate to any claimed prejudice that may be caused by the entry of a protective order.  Rather, Plaintiff indicated that she needed to leave the country for an indefinite period of time due to a personal family situation and sought Defendant's agreement to jointly propose an extension of the discovery deadlines due to her absence.[5]  Defendant suggested other accommodations that would not impact the current discovery schedule.

It is true that no documents have been exchanged by either party as of yet.  Defendant timely served written objections and written responses to Plaintiff's first round of discovery.  Plaintiff incorrectly notes that her written discovery responses were due earlier this week.  *Opposition* at 2.  Plaintiff's responses were due last week, on October 21, and as of the time of this filing, Defendant has received no written responses or documents from Plaintiff.

The parties mutually agreed, <u>on Plaintiff's suggestion</u>, that they would negotiate an Electronically Stored Information ("ESI") Protocol to govern the production of ESI.  Plaintiff and Defendant are still actively engaged in that negotiation.  Plaintiff's discovery requests specify that production of any of Defendant's ESI would be in compliance with any agreed protocol.  Thus, it is not surprising that neither Defendant nor Plaintiff has produced ESI discovery.  Plaintiff also fails to mention that, before the filing of her Opposition, Defendant informed Plaintiff that it was prepared to produce non-ESI documents if Plaintiff would agree to

---

informed Plaintiff that it would not tolerate any delays in serving the First Amended Complaint on the new parties.

[5] In this correspondence, Plaintiff did reference the fact that documents have not yet been exchanged.  However, the "good cause" she based her request upon was Plaintiff's personal family situation.

treat them in compliance with the terms of the stipulated protective order that the parties have negotiated.  With respect to the stipulated protective order, which too is irrelevant to the instant motion, Defendant has been diligent in drafting, and responding to Plaintiff's comments on it.  Notably, Plaintiff wanted to delay the negotiation and filing of the stipulated order until the newly-added parties had signed off on it.  The response date for the newly-added parties is not until December 3.

In conclusion, Plaintiff raises a host of other issues, but fails to establish how a brief stay of discovery on the claims subject to the pending motion to dismiss will delay her in prosecuting her case, much less prejudice her.  It is in the interest of fairness and judicial economy that the Court issue a protective order staying discovery on the claims subject to the motion to dismiss.

Dated:  October 28, 2010                    Respectfully submitted,

                                            LITTLER MENDELSON, P.C.


                                            By:
                                            _____/s/_____
                                            Thomas J. Flaherty (Va. Bar No. 16567)
                                            Kimberly A. Marinoff (Va. Bar No. 48532)
                                            Counsel for Defendant Dulles Expo, LLC
                                            Littler Mendelson, P.C.
                                            1650 Tysons Boulevard, Suite 700
                                            McLean, Virginia 22102
                                            Tel.:  703.442.8425
                                            Fax:  703.442.8428
                                            tflaherty@littler.com
                                            kmarinoff@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Timothy R. Clinton, Esq.
>TIM CLINTON LAW, PLLC
>1455 Pennsylvania Avenue, NW
>Suite 400
>Washington, DC  20004
>Tel.:  202.621.1828
>Fax:  202.204.6320
>tim@timclintonlaw.com
>*Attorney for Plaintiff*

And I hereby certify that I will mail the document by U.S. Mail to the following non-filing user on this same day:

>Robert F. Pence
>Registered Agent for Defendant Grand Duke Hotels LLC
>1359 Beverly Road, Suite 200
>McLean Virginia 22101

>Robert F. Pence
>Registered Agent for Defendant The Pence Group
>1359 Beverly Road, Suite 200
>McLean Virginia 22101

>              /s/              
>Kimberly A. Marinoff (Va. Bar No. 48532)
>Counsel for Defendant Dulles Expo, LLC
>Littler Mendelson, P.C.
>1650 Tysons Boulevard, Suite 700
>McLean, Virginia 22102
>Tel.:  703.442.8425
>Fax:  703.442.8428
>kmarinoff@littler.com